FILED
 2016 Apr-18 PM 04:12
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-0046-KOB-JHE |
| | ) |
| WARDEN CHERYL PRICE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on October 9, 2015, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. (Doc. 12). After requesting and receiving two extensions of time (docs. 13-16), the plaintiff has filed objections to the report and recommendation. (Doc. 17). Having considered those objections, the court finds as follows that the objections are due to be overruled for the reasons stated below, and that the report and recommendation are due to be accepted.

The plaintiff objects to the magistrate judge applying the standards mandated by 28 U.S.C. § 1915A(b). Specifically, the plaintiff asserts that the appropriate standard of review is the "notice" pleading standard, citing to *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). (Doc. 17 at 2). As explained in the report and

recommendation, the magistrate judge applied the standards mandated by the United States Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In contrast, *Dura Pharmaceuticals* set forth the requirement that plaintiffs must plead and prove causation and loss in pursuing a "fraud-on-the-market" action in securities fraud litigation. *Id.* at 346. It does not provide any requirements for the standard of review a court should apply in cases brought within the framework of the Prison Litigation Reform Act, 28 U.S.C. § 1915A. Moreover, *Dura Pharmaceuticals* relied on *Conely v. Gibson*, 355 U.S. 41 (1957), for the "notice" pleading standard. *Dura Pharmaceuticals,* 544 U.S. at 346. *Twombly* abrogated *Conely v. Gibson* . *Twombly*, 550 U.S. 544 (2007) . Thus, the magistrate judge applied the more recent pronouncement by the Supreme Court on the standards to apply when reviewing the sufficiency of a complaint. Therefore, this objection of the plaintiff is **OVERRULED** as lacking merit.

The plaintiff next objects to the magistrate judge's finding that the non-medical defendants did not violate the plaintiff's rights to adequate medical care. (Doc. 17 at 2). The plaintiff asserts that he should have been allowed to amend his complaint to state a failure to protect claim against these defendants.[1] (*Id*.). However, in the report and recommendation, the magistrate judge considered whether the plaintiff

---

[1] At no time through today's date has the plaintiff filed a motion to amend.

alleged any set of facts that could be construed as a claim for cruel and unusual punishment, such as a failure to protect claim or denial of medical care. (Doc. 12 at 5). In his complaint, the plaintiff alleged that on December 8, 2013, while he was walking through L-Dorm, he was attacked by two other inmates. (Doc. 1 at 5). The correctional officer who witnessed the attack called a code over his radio. (*Id.*). Sgt. Eaves and Lt. Gilbert "came to the scene and promptly restrained and secured the two inmates…" (*Id.*).

Nothing in this set of facts suggests a failure to protect claim is possible. For such a claim, the plaintiff would have to "produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Goodman v. Kimbrough,* 718 F.3d 1325, 1331 (11th Cir. 2013). "To be deliberately indifferent a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Purcell v. Toombs Co., Ga.,* 400 F.3d 1313, 1319-20 (11th Cir. 2005) (quotations omitted).

The plaintiff does not allege that any defendant had reason to believe that the plaintiff was in danger of attack from the two inmates who attacked him. Rather, after the plaintiff was attacked, he told prison officials that he had found and

recovered his tennis shoes, which he previously had reported as stolen. (Doc. 1 at 5). While the plaintiff asserts the recovery of his tennis shoes was the impetus for the attack, he does not allege that any defendant or other prison officials knew that, prior to the attack, the plaintiff had recovered his shoes and, therefore, was in danger from other inmates. *See e.g., Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1102 (11th Cir. 2014) ("this Court already clarified that a prison guard violates a prisoner's Eighth Amendment right when that guard actually (objectively and subjectively) knows that one prisoner poses a substantial risk of serious harm to another, yet fails to take any action to investigate, mitigate, or monitor that substantial risk of serious harm.").

Because nothing in the facts set forth by the plaintiff suggests that any prison official knew, prior to the attack, that the plaintiff was at serious risk of the same, any amendment to the plaintiff's complaint to state a failure to protect claim would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."). Thus, to the extent the plaintiff is asserting an objection to the report and recommendation based on the failure of the magistrate to allow the plaintiff, *sua*

*sponte*, to amend his complaint to state a failure to protect claim, this objection is **OVERRULED.**

The plaintiff next objects to the report and recommendation based on the magistrate judge's failure to allow the plaintiff to amend his complaint to set forth a claim concerning a lack of medical care by Nurse Williams. (Doc. 17 at 3). The plaintiff states the "Magistrate Judge did not make a single determination concerning her lack of medical care." (*Id*.). However, the plaintiff did not name Nurse Williams as a defendant in his complaint. He alleged that

> Nurse C. Williams performed the body chart, doctored me, cleaned all the wounds. Nurse C. Williams L.P.N., then consulted the R.N. on duty as to whether I needed stitches in my head wounds. The R.N. on duty answered affirmatively, (yes), she then released me to A.D.O.C. Lt. Gilbert and Sgt. Eaves then informed me to report back to pill call at 3:00 a.m. to pick up a pink slip . . . to have stitches put in the head wound. When I reported to pill call at 3:00 a.m. Nurse C. Williams failed to issue any pink slip, so as to allow me to see the doctor for stitches, and instead informed me to keep checking back for a pink slip. Medical refused to issue the profile, or to treat the head wound . . . .

(Doc. 1 at 5-6).

Nothing in this allegation demonstrates deliberate indifference to serious medical needs by Nurse Williams, even had the plaintiff named her as a defendant. At most, Nurse Williams failed to issue the plaintiff a pink slip immediately to see the doctor specifically for the purpose of getting stitches, so the plaintiff did not see the

5

doctor for eight days. The plaintiff does not explain how his wound healing without stitches due to the delay demonstrates deliberate indifference by Nurse Williams to his medical needs. Rather, the plaintiff speculates in his objections that "Concussions occur often when head injuries happen. This could be the reason why Plaintiff is suffering pain." (Doc. 17 at 4). The plaintiff does not allege that he suffered a concussion, that stitches would somehow prevent or cure a concussion, or that–after being attended to by Nurse Williams–a more rapid doctor referral would have provided a more favorable outcome.

To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003), citing *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000); *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. *Id.* Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. *Id*. An objectively serious medical need is "one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr*, 40 F.3d 1176, 1187 (11th Cir. 1994). Alternatively, a plaintiff can establish an objectively serious

need by demonstrating that a delay in treatment worsened the condition. *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009). Such an allegation must demonstrate (1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay. *Goebert v. Lee County*, 510 F.3d 1312, 1327 (11th Cir. 2007).

In his objection, the plaintiff seemingly asserts that after having his medical needs immediately attended to by Nurse Williams, she was then deliberately indifferent to his needs because she did not issue a pink slip at the first possible moment the plaintiff requested one. The plaintiff does not allege any facts as to why Nurse Williams told the plaintiff to check back for a pink slip rather than issue one right then, does not assert whether or to what degree the delay in issuing a pink slip resulted in a delay in seeing a doctor, and does not state when the pink slip was actually issued.[2] The plaintiff also does not assert that he was in any additional pain for eight days due to the lack of stitches; that his head wound was bleeding, continuously or otherwise, due to the lack of stitches; or any other manner in which the eight-day delay in seeing a doctor for stitches caused additional or worsening

---

[2]As alleged in the plaintiff's complaint, the inference may be made that Nurse Williams did not issue the pink slip because "medical refused to issue the profile, or to treat the head wound." (Doc. 1 at 6). The plaintiff "filed a "complaint on medical concerning this matter. Then a second complaint to medical, where in the response was that medical would investigate the matter." (*Id.*).

7

injury. Rather, he asserts that when he did see Dr. Butler on December 16, 2013, he was told he did not need stitches because the wound had healed. (Doc. 1 at 6; doc. 17 at 5). Moreover, a CAT scan on February 28, 2014, was normal. (Doc. 1 at 6).

Although the plaintiff cites *Brennan v. Comissioner, Ala. Dept. of Corr.*, – Fed. App'x – , 2015 WL 5446933 (11th Cir. 2015), in support of his claim of a serious medical condition, in *Brennan* the plaintiff did not see a doctor for a 34 day period after falling and complaining of increasingly severe pain. *Id.*, at *2. Here, the plaintiff waited eight days to see a doctor, was told his wound healed without the need for stitches, and had a normal CAT scan two months later. Because the plaintiff fails to allege facts that demonstrate an objectively serious medical condition to which any named defendant or Nurse Williams was deliberately indifferent, the plaintiff's objection on this ground is **OVERRULED**. Moreover, because any amendment to include Nurse Williams as a defendant is futile for the reasons discussed, the plaintiff's objection to the magistrate judge failing to order the plaintiff, *sua sponte*, to amend his complaint is **OVERRULED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections, the court finds that the magistrate judge's report is due to be and is hereby is **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the plaintiff's complaint is due

to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

DONE and ORDERED this 18th day of April, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE